**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**EATON CORPORATION, Respondent.**

**No. 78–1214.**

United States Court of Appeals, Sixth Circuit.

June 20, 1980.

---

We conclude that the Board could on substantial evidence on the whole record find that Hice had told a fellow employee, Smith, that he was ill and would be absent and that such information was passed along to his foreman, Brown; that such notice complied with the requirements of the company policy as well as the notice given in two cases in which employees had not been fired; and that therefore his filing of grievances was a likely cause of his being discharged.

It is therefore Ordered that the decision of the Board is affirmed and its order is enforced.

Elliott Moore, Kenneth B. Hipp, Steven Fetter, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., Raymond A. Jacobson, Director, Region 26, N.L.R.B., Memphis, Tenn., for petitioner.

Charles H. Taylor, Jr., Eaton Corporation, 1, Cleveland, Ohio, Jack M. Irion, Bomar, Shofner, Bomar & Irion, Shelbyville, Tenn., for respondent.

Before EDWARDS, Chief Circuit Judge, BROWN, Circuit Judge, and CECIL, Senior Circuit Judge.

## ORDER

The question presented is whether there is substantial evidence in the record as a whole supporting the National Labor Relations Board's decision (235 NLRB No. 82) finding that Eaton Corporation violated § 8(a)(3) and (1) of the Act by discharging employee Gerald Hice because he exercised his right to file grievances under a collective bargaining contract and ordering reinstatement with back pay.

It is the contention of Eaton that Hice was discharged for failure to give proper notice of his absence for three consecutive days and that such discharge was in accordance with established company policy.